# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>KEVIN DESMAR ROYSTER<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:20 MJ 233<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 7, 2020__ in the county of __Durham__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:
See attached affidavit of FBI Special Agent Eric S. Nye

☑ Continued on the attached sheet.

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 08/04/20

/s/ Eric S. Nye
*Complainant's signature*

Eric S. Nye, Special Agent, FBI
*Printed name and title*

L. Patrick Auld, U.S. Magistrate Judge
*Printed name and title*

City and state: Greensboro, North Carolina

AFFIDAVIT OF ERIC S. NYE, SPECIAL AGENT

DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION

I, ERIC S. NYE, being duly sworn, do hereby depose and state:

1. I am a Special Agent for the Department of Justice, Federal Bureau of Investigation (DOJ/FBI). I have been a Special Agent since 2006. I was initially assigned to the Lawton Resident Agency of the Oklahoma City office and worked criminal investigations to include violations on Fort Sill and Indian Reservations. In 2008, I was assigned to the Safe Streets Task Force (SSTF) of the Baltimore office and investigated violent criminal enterprises and drug trafficking organizations in Baltimore City. I have been assigned to the Raleigh/Durham Safe Streets Task Force (RDSSTF) of the Charlotte office since May 2016. Since being assigned to the RDSSTF, I have worked investigations into violent street gangs and narcotics distribution.

2. Because I am submitting this affidavit for the limited purpose of seeking authorization for an arrest, I have not set forth every fact learned during the course of this investigation, nor have I necessarily set forth all facts that support the authorization sought. Nor do I request that this Court rely upon any facts not set forth herein in reviewing this affidavit in support of the Application for this complaint.

Introduction:

3. This affidavit is made in support of a complaint against **KEVIN DESMAR ROYSTER,** of 4405 Apex Hwy, Rm 133 (Red Roof Inn), Durham, North Carolina, charging him

1

with felon in possession of a firearm and ammunition in violation of Title 18, United States Code, §922(g)(1) and 924(a)(2).

4. On May 7, 2020, ROYSTER, a convicted felon, and Eight Trey Gangster Crip, was driving a car when the Durham County Sheriff's Office stopped him. ROYSTER was found to be in possession of three firearms, ammunition, and narcotics.

## Details of the Investigation

5. The RDSSTF is currently investigating the violent criminal enterprise (gang) known as the Eight Trey Gangster Crips (hereafter referred to as ETG), which is responsible for a significant portion of the violent crime and drug distribution in the Durham area. Specifically, the RDSSTF has been investigating the ETG Crips from the Braggtown neighborhood who have been involved in an extremely violent feud with the "O-Block", a neighborhood-based gang, from the Food Lion Projects in Durham.

6. On May 7, 2020, Deputy J. Cockerham, of the Durham County Sheriff's Office, saw a black Infinity G35 drive past his location in excess, he believed, of the speed limit. Dep. Cockerham caught up with the Infinity to check its registration, at which time he realized that he could not see who the driver was due to the car's dark tint. Dep. Cockerham, based on this apparent window tint violation[1], got behind the car, and activated his emergency lights to conduct a traffic stop. The car pulled into the Exxon at 4706 NC 55 East and parked at a pump.

---

[1] Using a window tint meter on the scene, Dep. Cockerham recorded a tint percentage of 18.8. The State of North Carolina requires, by statute, the percentage of light entering the vehicle ("total light transmission") to be at least 35%. ROYSTER was given a warning citation for the tint and after his arrest, for the drug and firearms violations, the car was left to the custody of his wife.

7. The driver, later identified as KEVIN DESMAR ROYSTER, placed both of his hands out of the sunroof. Based on the deputy's experience, this was an indicator that the driver was armed. During the course of the initial interaction, ROYSTER appeared extremely nervous and could not produce his insurance and registration. ROYSTER continued to grab the same documents repeatedly in what appeared to the deputy to be a stalling tactic. Dep. Cockerham asked ROYSTER if the required documents might be in the glovebox. ROYSTER adamantly answered that the documents were not located in the glovebox. Dep. Cockerham asked ROYSTER to provide merely his driver's license. Royster did so, at which time the deputy returned to his patrol car to run ROYSTER through appropriate databases. The deputy requested that a K-9 unit come to the scene.

8. When the K-9 officer arrived, ROYSTER was removed from the car and patted down for weapons. The K-9 walked around the car and indicated the presence of narcotics. ROYSTER was asked if there was anything in the vehicle prior to deputies beginning their search. ROYSTER replied that there was some "bud" (marihuana) in the back seat in a black bag.

9. Deputies located a bag in the front seat that contained MDMA pills and cash. Dep. Cockerham searched the black bag in the back seat and located a small bag containing ammunition. At the same time, Dep. Mabe was searching the glovebox and located a Ruger, model LCP, .380 caliber pistol, and a Taurus, model G2S, 9mm pistol. Having located these firearms, Dep. Mabe turned and began to walk towards ROYSTER to place him in custody, at which time ROYSTER stated words to the effect of, "I already know." ROYSTER was then detained and searched more thoroughly. Deputies located a pistol holster in his front right pants pocket.

10. Further searching of the black bag revealed a glass jar containing four bags of marihuana. The black bag also contained two boxes of sandwich bags. Based on training,

3

knowledge, and experience I am aware that drug dealers will often transport marihuana in a jar to disguise the smell and will utilize sandwich bags to distribute the marihuana.

11. A search of the driver's area of the car revealed a third firearm, a Ruger LCP, .380 caliber pistol, hidden under the seat. This firearm was determined to fit the holster recovered from ROYSTER's pant's pocket.

## KEVIN DESMAR ROYSTER's Criminal History

12. ROYSTER had prior felony convictions:

- on March 13, 2008, ROYSTER was found guilty of two counts of Conspiracy - Robbery with a Dangerous Weapon in Granville County and was sentenced to 22-36 months in North Carolina Department of Corrections ("NC DOC");

- on November 1, 2010, he was found guilty of Possession of Firearm by Felon in Durham County and sentenced to 12-15 months in NC DOC; and,

- on December 6, 2015, ROYSTER was found guilty of Possession of Firearm by Felon in Durham County and sentenced to 13-25 months in NC DOC.

Given the time he had spent in prison for those convictions as well as the maximum sentences for those crimes, which he acknowledged in his transcripts of plea, ROYSTER knew that he had been convicted of crimes punishable by a term exceeding twelve months in prison.

## Firearm and Ammunition Nexus

13. I am a firearms nexus expert and have been qualified as such on a previous occasion in federal court. Upon review of the firearms recovered in this matter, I determined that they were a Ruger LCP, a Ruger LCP, and a Taurus G2S, and that they are all firearms, as defined in Title 18, United States Code, Section 921(a)(3). The Ruger LCP .380 caliber pistols were both

manufactured in Mayodan, North Carolina, and shipped to Federal Firearms License (FFL) dealers in North Carolina. Therefore, they did not travel in or affect interstate commerce.

14. The Taurus G2S was manufactured in Brazil, however, and, therefore, traveled in and affected interstate commerce prior to May 7, 2020.

15. Additionally, upon review of the ammunition loaded in the two Ruger pistols, and recovered in the bag in the back seat, I determined that they were G2 Research Inc., Ammo Inc., and Remington, and they are all ammunition, as defined in Title 18, United States Code, Section 921(a)(17)(A). The ammunition was not manufactured in North Carolina, and, therefore, traveled in and affected interstate commerce prior to May 7, 2020.

Conclusion:

Therefore, based on the facts set forth above, your affiant believes there is probable cause that **KEVIN DESMAR ROYSTER**, of 4405 Apex Hwy, Rm 133 (Red Roof Inn), Durham, North Carolina, knowingly possessed a firearm and ammunition as a convicted felon and with knowledge of that status, all in violation of Title 18, United States Code, §922(g)(1) and 924(a)(2).

Respectfully submitted,

/s/ Eric S. Nye
Eric S. Nye, Special Agent
Federal Bureau of Investigation
United Stated Department of Justice

Dated: August ___, 2020

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina